# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CHARLES EARNEST BYRD,

        Petitioner,

v.                                                          Case No. 3:17-cv-514-J-32JRK
                                          3:89-cr-148-J-32JRK

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

This case is before the Court on Petitioner Charles Earnest Byrd's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion).[1] Petitioner is currently in the custody of the Florida Department of Corrections (FDOC), serving a sentence of life in prison for second-degree murder. Petitioner raises only a single claim in the § 2255 Motion: he asks that the Court run his federal sentence (for obstruction of correspondence under 18 U.S.C. § 1702) concurrently with his state-court life sentence. The United States has responded, arguing that the Court lacks jurisdiction because Petitioner was not in custody pursuant to this Court's judgment when he filed the § 2255 Motion, and alternatively, that the § 2255 Motion is untimely and his claim is procedurally defaulted. (Civ. Doc.

---

[1] Citations to the record in the underlying criminal case, United States v. Charles Earnest Byrd, No. 3:89-cr-148-J-32JRK, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:17-cv-514-J-32JRK, will be denoted "Civ. Doc. __."

1

4, Response). Petitioner did not file a reply. Accordingly, the case is ripe for a decision.

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the motion. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true, he still would not be entitled to any relief). For the reasons below, Petitioner's § 2255 Motion is due to be dismissed as untimely.

## I. Background

Only limited records are available due to the age of this case, but the Court has attempted to reconstruct the background based on the following documents: the indictment (Crim. Doc. 1), the judgment (Crim. Doc. 2), and the Presentence Investigation Report (PSR).

On September 13, 1989, a grand jury charged Petitioner with (1) obstructing correspondence, in violation of 18 U.S.C. § 1702, (2) forgery of a treasury check, in violation of 18 U.S.C. §§ 510(a)(1) and 2, and (3) passing a forged instrument, in violation of §§ 510(a)(1) and 2. (Crim. Doc. 1). Petitioner pled guilty to Count One – obstruction of correspondence – and in exchange the United States moved to dismiss Counts Two and Three. (See Crim. Doc. 2). On June 29, 1990, the Court entered judgment against Petitioner, adjudicating him guilty of Count One and sentencing him to 12 months in prison followed by a three-year term of supervised release. (Crim. Doc. 2 at 2, 4). Petitioner did not appeal the sentence.

When the Court entered judgment, Petitioner was already subject to a sentence of life in prison in the State of Florida for second-degree murder. (PSR at ¶ 37). The federal judgment was silent about whether Petitioner's federal sentence was to run concurrently or consecutively with the state-court sentence. But because the federal judgment was silent, the federal sentence is presumed to run consecutively with the state sentence. 18 U.S.C. § 3584(a) ("….Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Prison records suggest that Petitioner served only part of his federal term of imprisonment before entering FDOC's custody to serve his state sentence. According to the PSR, Petitioner had been "[i]n federal custody since January 22, 1990," and was not subject to any detainers at the time the PSR was written. (See PSR cover page). Accordingly, the federal judgment remanded Petitioner into the custody of the United States Marshal. (Crim. Doc. 2 at 3). However, the FDOC's records show that FDOC received Petitioner into custody on July 26, 1990, one month after entry of the federal judgment and only six months after Petitioner entered federal custody.[2] Additionally, FDOC's records show that Petitioner has been subject to a United States Marshal's detainer ever since April 10, 1992, which has not been canceled. A records search of the Federal Bureau of Prisons (BOP) also turned up a result that appears to match Petitioner's identity (Byrd, Charles, Age 70, Register No. 11272-018).[3] The BOP record

---

[2] http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=024300&TypeSearch=AI
[3] https://www.bop.gov/inmateloc/

reflects that he is not in federal custody and his release date is "unknown." Moreover, the available records do not indicate that Petitioner ever served time on his three-year term of federal supervised release.

## II.    Discussion

### A. Petitioner satisfies the "in custody" requirement.

Title 28 of the United States Code, Section 2255 provides that

> [a] prisoner <u>in custody under sentence of a court established by Act of Congress</u> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States …, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). The Supreme Court has interpreted similar language in § 2241(c)(3) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 488, 490–91 (1989). The "in custody" requirement is jurisdictional, so the Court must be satisfied that Petitioner is "in custody" under a sentence of this Court before proceeding further. <u>Id.</u> at 490; <u>see also</u> <u>Bailey v. Hill</u>, 599 F.3d 976, 978 (9th Cir. 2010) ("Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider[.]'") (citation omitted).

When a prisoner is subject to consecutive sentences, as Petitioner is, the sentences "should be treated as a continuous series; a prisoner is 'in custody' … 'if any consecutive sentence [the prisoner is] scheduled to serve was imposed as the result of a deprivation of constitutional rights.'" <u>Garlotte v. Fordice</u>, 515 U.S. 39, 40-41 (1995) (citing <u>Peyton v. Rowe</u>, 391 U.S. 54 (1968)). The same is true even if different

4

sovereigns imposed the consecutive sentences. <u>See</u> <u>Braden v. 30th Judicial Cir. Ct. of Ky.</u>, 410 U.S. 484, 499-50 (1973) (Alabama prisoner subject to a detainer by Kentucky could file a habeas petition challenging Kentucky's alleged denial of the right to a speedy trial). Thus, the former Fifth Circuit held that "§ 2255 is available to a prisoner in state custody," like Petitioner, "attacking a federal sentence scheduled to be served in the future." <u>Simmons v. United States</u>, 437 F.2d 156, 159 (5th Cir. 1971).[4]

Petitioner satisfies the "in custody" requirement for two independent reasons. First, Petitioner is still subject to the undischarged balance of his federal term of imprisonment. As discussed earlier, this Court sentenced Petitioner to a term of 12 months in prison, which runs consecutively with his state sentence. Petitioner completed only 6 months of his federal sentence before being transferred to FDOC's custody to serve his state prison sentence. Thus, Petitioner is still subject to the remaining balance of 6 months on his federal prison term. Two facts reinforce this conclusion: (1) FDOC's records show that the United States Marshal has maintained a continuous detainer on Petitioner since April 10, 1992, and (2) BOP's records reflect not that Petitioner has been released from its custody, but that his release date is "unknown," probably owing to the indeterminate nature of his life sentence in state prison, hence the indeterminate nature of when he would complete the rest of his federal prison sentence. Because Petitioner is still subject to a consecutive federal prison term, he satisfies § 2255(a)'s "in custody" requirement.

---

[4]    Decisions handed down by the former Fifth Circuit Court of Appeals before the close of business on September 30, 1981, are binding in the Eleventh Circuit. <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Alternatively, Petitioner is "in custody" because he is also subject to an undischarged, three-year term of federal supervised release – however unlikely it is that Petitioner will serve such a term, practically speaking. A person subject to a term of supervised release is "in custody" within the meaning of § 2255(a). United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) (citing Jones v. Cunningham, 371 U.S. 236, 240-43 (1963)). A term of supervised release commences only once a person is actually released from prison. 18 U.S.C. § 3624(e); United States v. Johnson, 529 U.S. 53, 57 (2000). Additionally, time spent serving a state prison sentence generally cannot be credited toward a federal term of supervised release. 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."); United States v. House, 501 F.3d 928, 930 (8th Cir. 2007). Because Petitioner has continuously been in BOP or FDOC custody since at least January 1990, he has not served any time on his federal term of supervised release. Therefore, because Petitioner is still subject to an undischarged term of federal supervised release (in addition to the undischarged balance of his federal prison sentence), he is "in custody" for purposes of § 2255(a).

Having determined that Petitioner meets § 2255(a)'s "in custody" requirement, the Court must reject the United States' argument that the Court lacks jurisdiction over the § 2255 Motion. (See Civ. Doc. 4 at 3). Nevertheless, the United States is correct that Petitioner's § 2255 Motion is untimely. (Id. at 4).

**B. Petitioner's § 2255 Motion is Untimely**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year statute of limitations for a federal prisoner to file a motion to vacate, set aside, or correct sentence. 28 U.S.C. § 2255(f). The limitations period runs from the latest of four trigger dates.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

"Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (citing 28 U.S.C. § 2255(f)(1)). However, Petitioner is in an unusual position because his conviction and sentence became final in 1990, before the enactment of AEDPA on April 24, 1996. Thus, for Petitioner, AEDPA's statute of limitations began running on April 24, 1996, giving him through April 23, 1997, to file a § 2255 motion. Goodman v. United States, 151 F.3d 1335, 1337-38 (11th Cir. 1998).

Even so, Petitioner's § 2255 Motion is untimely. Petitioner did not submit the § 2255 Motion for mailing until May 1, 2017, more than 20 years after § 2255(f)'s statute

of limitations expired. (See Civ. Doc. 1 at 1). Petitioner neither invokes nor alleges facts that suggest his claim is timely under §§ 2255(f)(2)-(4). (See Civ. Doc. 1 at 12). Nor does Petitioner suggest that the doctrines of equitable tolling or actual innocence allow him to avoid the time bar. In response to Question 18 on the § 2255 form, which requires the petitioner to "explain why the one-year statute of limitations … does not bar your motion" if the judgment of conviction became final more than a year earlier, Petitioner writes: "I haven't anything to say except [to] place myself at the mercy of this Honorable Court with all due respect." (Civ. Doc. 1 at 12). However, the Court has an obligation to uphold the laws enacted by Congress. Accordingly, the Court must enforce the statute of limitations and find that the § 2255 Motion is time-barred.

Therefore, in accordance with the Rules Governing Section 2255 Proceedings in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Charles Earnest Byrd's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITH PREJUDICE** as untimely.

2. The Clerk should enter judgment in favor of the United States and against Petitioner, and close the file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a certificate of appealability (COA). Id. "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of October, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel of record
Petitioner

9